UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

UNITED STATES OF AMERICA

                                                                                                 No. 5:09-CR-337 (FJS)

v.

KEITH HORTON,

                                                Defendant.
───────────────────────────────────────────────

CARLA FREEDMAN, Ass't U.S. Att'y, for the United States
RANDI BIANCO, Ass't Fed. Public Defender, for Defendant

**THÉRÈSE WILEY DANCKS**, U.S. MAGISTRATE JUDGE

## REPORT-RECOMMENDATION

      Defendant Keith Horton has challenged a proposed modification of the conditions of his supervised release, following his recent re-release from custody. On May 19, 2017, Senior District Judge Frederick J. Scullin, Jr. referred the matter to me to issue a Report-Recommendation as to whether the modification should be imposed. (Dkt. No. 340.) On May 22, 2017, I conducted a hearing so that defendant, with the assistance of appointed counsel, could be heard with respect to his objections to the proposed modification and could present any information in mitigation, pursuant to Fed. R. Crim. P. 32.1(c)(1). Based on the record in this case and the information presented during the hearing, and for the reasons stated below, this Court recommends that Judge Scullin impose the proposed modification of the defendant's conditions of supervised release notwithstanding his objections.

**I.     BACKGROUND**

According to the Presentence Investigation Report, the defendant was a street-gang member; the criminal enterprise of the gang involved acts of attempted murder, drug trafficking, and robbery in Syracuse, New York. On October 6, 2010, defendant pled guilty to a felony racketeering conspiracy charge. On March 1, 2011, Judge Scullin sentenced defendant to 78 months of imprisonment and five years of supervised release. After his initial supervised release term was revoked on July 19, 2016, and he was sentenced to an additional nine months imprisonment, his current supervised release term started on April 18, 2017.

On May 2, 2017, after defendant failed a urinalysis exam on April 19, 2017, Probation Officer Michael Christopher reviewed, with the defendant, the following addition to the conditions of his supervised release:

> 1. You shall reside for a period of 2 months in a residential reentry center or other suitable facility and shall observe the rules of that facility.

The defendant declined to consent to the proposed modification and invoked his right to a hearing.

**II.     GENERALLY APPLICABLE LAW**

"A court 'may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release' after considering certain sentencing factors outlined in 18 U.S.C. § 3553(a)." *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) (citing 18 U.S.C. § 3583(e)(2)). "So long as the court, when modifying supervised release conditions, considers the relevant 18 U.S.C. § 3553(a) sentencing factors, there is no additional requirement that it make a finding of new or changed circumstances with respect to the defendant." *Id*. (collecting cases). A defendant objecting to a modification of the

conditions of his supervised release that are not favorable to him is entitled to a hearing, with the assistance of counsel. *Id*. at 349; Fed. R. Crim. P. 32.1(c).

A court may impose new, discretionary conditions of supervised release in addition to the usual general conditions, so long as they are "reasonably related" to:

> (A) 'the nature and circumstances of the offense and the history and characteristics of the defendant'; (B) 'the need for the sentence imposed to afford adequate deterrence to criminal conduct'; (C) the protection of the public; and (D) the rehabilitative and medical care needs of the defendant.

*Parisi*, 821 F.3d at 348 (citing, *inter alia*, U.S. Sentencing Guidelines Manual § 5D1.3(b)). The condition "must also involve 'no greater deprivation of liberty than is reasonably necessary for the purposes' of sentencing, and it must be 'consistent with any pertinent policy statements' in the Guidelines." *Id*. (citing, *inter alia*, 18 U.S.C. § 3583(d)).

### III. ANALYSIS

The Presentence Investigation Report ("PSIR") documents that the defendant has a criminal history related to drug use and trafficking, including one felony drug conviction and one misdemeanor drug conviction for which defendant was adjudicated a Youthful Offender. The PSIR also indicates that, through the time of his arrest on the underlying charges in this case in June 2009, the defendant had no significant legitimate employment history. The PSIR also shows that defendant had a significant history for substance abuse. Additionally, he previously had his supervised release revoked due, in part, to failing to participate in substance abuse programs and testing. The present Petition to modify conditions is related to defendant failing a urinalysis exam on the second day of his re-release to supervision. Although counsel for defendant indicated that he would prefer to attend outpatient drug treatment, he had not taken any necessary steps to do so at the time of the modification hearing. While counsel also

3

indicated that defendant is actively engaged in seeking employment, defendant had not yet obtained employment at the time of the modification hearing. Requiring defendant to reside for a period of 2 months in a residential reentry center or other suitable facility will allow the Probation Officer to better monitor whether the defendant is returning to illegal drug use.

Relevant here is that 18 U.S.C. §§ 3563(b)(11) and 3583(d) specifically authorize district courts to require defendants to "reside at, or participate in the program of, a community corrections facility" as a special condition of supervised release. 18 U.S.C. §§ 3563(b)(11); *see id.* 3583(d) (granting district courts the authority to order as a condition of supervised release "any condition set forth as a discretionary condition of probation in section 3563(b)"). "Residential reentry is a form of community confinement, not a form of home confinement or an extension of prison." *U.S. v. Matta*, 777 F.3d 116, 123 (2d Cir. 2015).

The Second Circuit, in *United States v. Stephens*, 347 F.3d 427 (2d Cir. 2003), upheld the special condition that a defendant convicted of possession of stolen United States Postal Service money orders spend one year in community confinement, although the confinement was unrelated to drug rehabilitation. While the issue in *Stephens* involved the length of the community confinement ordered by the district court, in upholding the length imposed the Circuit found that so long as the sentencing judge articulated "specific rehabilitative goals" and the length of time in community confinement was necessary to accomplish those goals, then the district court's exercise of discretion was well within the bounds of the United States Sentencing Guidelines. *Stephens*, 347 F.3d at 430-431. The Second Circuit acknowledged that the district court "believed that the defendant would have the best opportunity for rehabilitation in a 'structured setting' . . ." and "emphasized its view that the defendant needed vocational training so that he could obtain employment, in order to prevent him from resorting to crime in the

4

future." *Id.* The appellate court found the community confinement was consistent with the sentencing guidelines and tailored to the defendant's circumstances and characteristics. *Id.* at 431.

Here, the requirement that Horton reside in a residential reentry center or other suitable facility for a period of 2 months is reasonably related to the defendant's individual circumstances, serves the goals of deterrence and protection of the public, and is narrowly tailored to avoid an undue deprivation of liberty. Defendant tested positive for illicit substances on the second day of his release from the Bureau of Prisons, after serving an additional nine months imprisonment for previously failing to comply with a drug testing program, among other violations, on previous supervised release for the same original offense. At the time of the modification hearing, defendant had made no effort to attend an outpatient substance abuse program on his own. Thus, this additional condition is necessary under the circumstances to give defendant the best opportunity for rehabilitation in a structured setting to prevent him from returning to illegal substance use and other criminal activity.

Accordingly, the court recommends that Judge Scullin impose this additional condition of supervised release over defendant's objection.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the conditions of defendant's supervised release be modified to add the following condition:

> 1. You shall reside for a period of 2 months in a residential reentry center or other suitable facility and shall observe the rules of that facility.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN**

**FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human - Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1).

Dated: May 26, 2017
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge